## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 21-cr-598-PLF |
| | : | |
| v. | : | |
| | : | |
| ANDREW ZABAVSKY, | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S OPPOSITION TO ZABAVKSY'S MOTION
### FOR A BILL OF PARTICULARS

Defendant Andrew Zabavsky has moved for a bill of particulars, claiming that the 13-page, 50-paragraph speaking indictment does not provide him with sufficient information to prepare his defense. The defendant's request, however, is merely an attempt to preview the government's theory of the case and the evidence the government will offer in its case-in-chief. Because the indictment provides the defendant with substantial detail about the proof underlying the charges against him, and because he has received extensive, well-organized discovery—including the transcript of every witness presented to the grand jury, the interview reports prepared by the investigating agents and the contemporaneous notes of those interviews, and hours of body worn camera and surveillance footage—the motion for bill of particulars should be denied.

### Background

Defendant Zabavsky, a Lieutenant in the Washington, D.C. Metropolitan Police Department (MPD), and his co-defendant, Terrence Sutton, an MPD officer whom Zabavsky supervised, are charged in a three-count indictment. Count One alleges that defendant Sutton killed civilian Karon Hylton-Brown by causing a fatal traffic collision in the course of an unauthorized police pursuit of Hylton-Brown. Counts Two and Three charge both defendants with conspiracy and obstruction of justice for conspiring to hide from MPD officials the circumstances

of the collision, with the purpose of preventing an internal investigation and referral of the matter to federal authorities for a criminal civil rights investigation.  These allegations are detailed in a thirteen-page, 50-paragraph indictment that explains the manner in which the police chase occurred and the defendants' involvement in it (Indictment, ¶¶ 1-18, 20-28), as well as both defendants' subsequent actions at the crash scene and at the Fourth District police station that form the basis for the conspiracy and obstruction charges (*id.* ¶¶ 32-48).  The allegations concerning the conspiracy and obstruction of justice detail the "purpose of the conspiracy" (*id.* ¶ 32), explain the manner and means in which it was carried out (*id.* ¶ 33), and identify 21 overt acts in furtherance of the conspiracy (*id.* ¶ 34-48).  The indictment also specifies the time and scope of the charged offenses, starting shortly after 10:00 p.m. on October 23, 2020, and continuing into the early morning hours of October 24, 2020.

The allegations in the indictment were further detailed for the defense through the extensive, well-organized discovery.  This includes, among other things, grand jury testimony from the more than 20 witnesses who testified during the investigation; reports of witness interviews and the contemporaneous notes of those interviews taken by the investigating agents; photographs and written reports from the crash scene; body-worn cameras (BWC) from the MPD officers involved in this incident and the officers who responded to the scene; video from various surveillance cameras that captured portions of the police chase, including traffic cameras and security cameras from businesses and homes; MPD policies concerning police chases, use of force, and the handling of traffic crash scenes; and the training received by both defendants on these topics.  Indeed, once the protective order was entered in this case, the government promptly provided substantial discovery in this case, including *Jencks* material ordinarily reserved until much closer to trial.  The government's discovery productions have been accompanied by a

detailed discovery log, which organizes the discovery and affords the defense the ability to methodically review and search it.

### Legal Standard

Under Federal Rule of Criminal Procedure 7(f), the Court "may direct the government to file a bill of particulars." The purpose of a bill of particulars, is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

**Argument**

Defendant Zabavsky's motion seeks a Bill of Particulars for eight categories of information, with four that pertain to Count Two and four that pertain to Count Three. Because all of these requests seek discovery concerning the government's theories of the case, rather than information that is necessary to understand the charges and prepare a defense—all of which is available in the indictment and the extensive discovery provided—the defendant's motion should be denied.

With regard to Count Two, the conspiracy charge, Defendant Zabavsky demands the following four categories of information: (1) the date of the earliest statement/event upon which the government will rely to prove the conspiracy charged in Count Two, (2) the nature of all statements/events upon which the government will rely to prove the conspiracy, (3) the date and nature of the earliest statement/event upon which the government will rely to establish when each defendant joined the conspiracy, and (4) the date and nature of the earliest statement/event the government will rely on to establish when defendant Zabavsky joined the conspiracy. He demands essentially the same four categories of information with respect to Count Three, the substantive obstruction charge:[1] (5) the date and nature of the earliest statement/event the government will use to prove the substantive obstruction charge, (6) the nature of any/all overt actions taken by defendant Zabavsky on October 24, 2020, (7) the exact communication defendant Zabavsky hid to prevent an internal investigation of the fatal traffic collision, and (8) the date and nature of the most recent statement/event upon which the government will rely to prove obstruction of justice.

These requests seek to use a Bill of Particulars to obtain discovery of the government's

---

[1] For clarity of the record, the government will address these requests using the numbering in the defendant's motion.

4

proof far beyond what is permitted under Rule 7(f).  The date of the first statement the government intends to offer as proof or the "nature" of such statements strikes to the government' case theory, not information necessary to understand the charges against him.  All the information necessary to understand the charges is contained in the indictment.  The charged conspiracy and obstruction are straightforward and set forth in plain terms in the indictment.  The indictment alleges in Count Two that the purpose of the conspiracy "was for SUTTON and ZABAVSKY to hide from MPD officials the circumstances of the traffic collision leading to Hylton-Brown's death, to prevent an internal investigation of the incident and referral of the matter to federal authorities for a criminal civil rights investigation."  Indictment, ¶ 32.  Count Three explains the basis for the obstruction charge, which is the object of the conspiracy: "SUTTON and ZABAVSKY hid from MPD officials the circumstances of the traffic collision leading to Karon Hylton-Brown's death, to prevent an internal investigation of the incident and referral of the matter to federal authorities for a criminal civil rights investigation."  Indictment ¶ 50.  It could not be any clearer that the basis for the conspiracy and obstruction is the defendants' effort to hide their role in the events leading to Hylton-Brown's death.

Second, the details set forth in the indictment alone provide the defense more than sufficient information to understand the charges' scope and the factual allegations underlying them.  The indictment details four "manner and means" by which Zabavsky and Sutton "carried out the conspiracy," (*id.* ¶ 33) and twenty overt acts they took in furtherance of the objective both at the crash scene and at the police station (*id.* ¶¶ 34-48).   The conspiracy is alleged to have occurred in a short window of time on October 23 and 24, 2020, following the fatal collision just after 10:00 p.m. on the 23rd, and there are no unindicted co-conspirators.  The obstruction is alleged to have occurred in that same window (*id.* ¶ 50) and incorporates by reference numerous

explanatory factual allegations from earlier portions of the indictment (*id*. ¶ 49), to include six overt acts that detail how the defendants misled their senior commanding officer about the collision circumstances (*id*. ¶ 46), an allegation that defendant Sutton drafted a report that minimized Hylton-Brown's observable injuries (*id*. ¶ 47), and that Zabavsky "continued to withhold from the Watch Commander all information about Hylton-Brown's serious injuries and updates about his condition, despite knowing that it was critical and worsening." *Id*. ¶ 48.

Additionally, the specificity of the indictment's allegations combined with the extensive discovery provided to the defense in this case is more than sufficient to understand the charges and mount a defense. From the provided discovery, the defense can contextualize the allegations using materials such as MPD's policies and practices for how crash scenes should be investigated and preserved; training records for both defendants (including materials concerning defendant Zabavsky's promotion to lieutenant); the BWC, radio recordings, and statements from other officers at the crash scene showing (by comparison) the manner in which the defendants handled the investigation and preservation of evidence and drafting of the police report; statements from other officers concerning updates the defendants received from an officer at the hospital about Hylton-Brown's rapidly deteriorating medical condition (including BWC recordings of the phone calls and related call logs); the BWC audit logs for the officers involved in the collision showing when they accessed key BWC recordings in the aftermath of the crash; and statements from the defendants' watch commander concerning the lack of information he received from the defendants concerning this incident. Defendant Zabavsky is thus armed with ample information about the nature of the obstruction and obstruction conspiracy with which he is charged. Because no additional information is needed to understand these charges and prepare a defense, a bill of particulars is not warranted here.

**Conclusion**

The Bill of Particulars requested is aimed not at understanding the charges and the proof that underpins them, but rather the government's theory of the case.  For that reason alone, it should be denied.  In any event, the indictment alone makes clear not only the crimes charged, but also the factual allegations and fundamental proof supporting those charges.  Coupled with the extensive, well-organized discovery provided once the protective order was in place, the defense is equipped with more than sufficient information to prepare its defense.  The defendant's motion for a bill of particulars should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By: */s/ Risa Berkower*_____
    AHMED BASET
    IL Bar No. 6304552
    RISA BERKOWER
    NY Bar No. 4536538
    Assistant United States Attorneys
    U.S. Attorney's Office for the District of Columbia
    555 4th Street, N.W.
    Washington, D.C. 20530
    Phone: (202) 252-7097 (Baset)
           (202) 252-6782 (Berkower)
    Email: Ahmed.Baset@usdoj.gov
           risa.berkower@usdoj.gov