**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-598-PLF-01 |
| | : | |
| TERENCE SUTTON and | : | Hon. Paul L. Friedman |
| ANDREW ZABAVSKY, | : | |
| | : | |
| Defendants. | : | |

**TERENCE D. SUTTON, JR.'S REPLY IN SUPPORT**
**OF HIS MOTION TO EXCLUDE EXPERT TESTIMONY**

Comes now Defendant Terence D. Sutton, Jr., through counsel, HANNON LAW

GROUP, LPP, and respectfully submits this Reply to the Government's Opposition to his

Motion to Exclude Expert Testimony.  In support of this reply, Ofc. Sutton asserts the following:

**INTRODUCTION**

On August 8, 2022, Ofc. Sutton filed his motion to exclude the government's proposed

expert witnesses from offering expert and certain proposed fact testimony during trial in this

matter pursuant to Federal Rule of Evidence 702.  (Mot. to Exclude [Dkt. No. 221]).  On August

22, 2022, the government filed its omnibus opposition to both Ofc. Sutton and Lieutenant

Andrew Zabavsky's motions to exclude expert testimony.  (Govt. Opp. [Dkt. No. 231]).  In their

opposition, the government argued that defendants' motions should be denied because the

government's proposed expert testimony "more than meets the *Daubert* standard and the

requirements of reliability and relevancy under the Federal Rules of Evidence".  (*Id*. at 1).

**ARGUMENT**

The government, in part, has so far consistently misdirected the Court from a

fundamental issue which we just as consistently maintain: since the government has charged Ofc.

Sutton with Second Degree Murder in the course of and by violating his duty as a sworn police

:

officer, he is entitled to defend himself by proving he did not violate the standard of care

applicable to a police officer established by the Supreme Court in *Graham v. Connor*, 490 U.S.

386 (1989), and hence acted reasonably.  By maintaining that constitutional policing is not part

of this case, the government seeks to employ a lower standard for proving Second Degree

Murder: Ofc. Sutton has violated an MPD General Policy on Vehicular Pursuit.  The government

cannot convict Ofc. Sutton for not complying with his duties, and deny him the defense that what

he did is approved by extensive Supreme Court precedent.  That is why this case is a unicorn,

which the government still does not deny.

Hence, the government also completely dispenses with nearly universal case law which

prohibits reliance on police policies in criminal cases, some of which charge the law enforcement

officer with taking the life of the suspect.  As we explained in our Motion to Dismiss under Rule

12, it is also the case that in every state prosecution of a law enforcement officer for taking the

life of a suspect, the state government must still prove the officer failed to act as a reasonable and

prudent officer under the circumstances defined in *Graham v. Connor*.  (Motion to Dismiss [Dkt.

No. 188] at 4, 20-21).  The government does not cite any cases in support of its argument that

these cases are not applicable or irrelevant.

And what does the government mean when it says that its experts will testify to national

policing standards, if not those derived from the Constitution.

The government further argues that testimony regarding MPD policies and practices,

national policing standards, and the training Ofc. Sutton received is highly relevant in

establishing that he acted with malice aforethought.  (Govt. Opp. [Dkt. No. 231] at pg. 7).  The

government then cites *Williams v. United States*, 858 A.2d 984 (D.C. 2004) in support of its

argument that malice aforethought can be established in multiple ways.  The government

2

:

misapplies *Williams* by suggesting that it supports the proposition that the malice element of a

Second-Degree Murder charge can be proven or established in multiple ways.  In *Williams*, the

Court of Appeals made clear that malice for a Second-Degree Murder charge can be established

in one of the following three ways: (1) a specific intent to kill, (2) a specific intent to inflict

serious bodily injury, or (3) acting in a conscious disregard of an extreme risk of death or injury.

*Id. at* 998.  As we have discussed before, the third element requires proof of a deviation from a

standard, which in this case is the standard of policing established in *Graham v. Connor*.

The government also argues that expert testimony on MPD policies and practices,

national policing standards, and the training Ofc. Sutton received is relevant for establishing

proximate causation for the Second-Degree Murder charge.  The government contends that the

D.C. Court of Appeals held that a jury may properly consider whether an officer was violating

MPD policies in cases where the jury is assessing the officer's liability for injuries sustained in a

vehicular pursuit.  *Tillery v. D.C.*, 227 A.3d 147, 152 n. 17 (D.C. App. 2020).  The government's

citing of *Tillery* is inappropriate here for multiple reasons.  First, *Tillery* is a personal injury case

where the jury was tasked with determining whether the subject officer's driving was grossly

negligent.  *Id*. at 149.  As Ofc. Sutton has argued previously, the admissibility of evidence to

prove negligence or a deviation from a standard of care is not applicable in this case unless it's

the standard of reasonable police conduct established in *Graham v. Connor*.  In civil cases,

evidence of the custom or standard of care is introduced so that the jury can compare the

defendant's conduct to the applicable standard of care.  In criminal cases, that need does not exist

because the issue is whether the defendant violated the statute that he has been charged under.

Second, *Tillery* dealt with the gross negligence standard.  In this case, gross negligence is

not the standard against which Ofc. Sutton's conduct is to be measured by the jury.  Gross

3

:

negligence "requires such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference for the rights and safety of others." *Id.* at 151 (quoting *District of Columbia v. Walker*, 689 A.2d 40, 44 (D.C. 1997)).  On the other hand, second degree murder requires the specific intent to kill or inflict serious bodily injury, or a conscious disregard of an extreme risk of death or injury.  *Williams*, 858 A.2d at 998.  The gross negligence standard sets a lower bar as it tasks the jury with deciding whether the defendant's actions were objectively reasonable under the circumstances presented.  For a Second-Degree Murder charge, the jury employs a subjective standard to determine whether the defendant acted with intent to kill or seriously injure, or a conscious disregard of a risk of death or serious injury to the decedent.

Third, *Tillery* had nothing to do with the admissibility of expert testimony on departmental policies.  *Tillery* allowed the jury to consider violation of a general order as a factor when determining whether an officer deviated from the standard of care and was grossly negligent.  *Tillery*, 227 A.3d at 152.  The Court of Appeals said nothing about the admissibility of expert testimony regarding departmental policies or whether an officer violated those policies. For these reasons, a case like *Tillery* is not comparable to this case and cannot be used as a source to justify admission of evidence or testimony regarding MPD policies and practices, national policing standards, and the training Ofc. Sutton received.

Lastly, nothing the government presents supports the admissibility of any of the proposed experts on such things as target fixation, which can only be categorized as pseudo-scientific nonsense.  And the government cannot even commit to the opinions on this subject, only saying the event may have been affected by this syndrome.

:

**WHEREFORE**, Ofc. Sutton respectfully requests that this Court grant his motion and exclude the government's proposed expert witnesses from offering expert and certain proposed fact testimony during trial in this matter.

Dated: August 29, 2022

Respectfully submitted,

HANNON LAW GROUP, LLP

*s/J. Michael Hannon*

J. Michael Hannon, #352526
Rachel E. Amster, #1618887
Harrison E. Richards, #1723607
1800 M Street, N.W., Suite 850 S
Washington, DC 20036
Tel: (202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com
ramster@hannonlawgroup.com
hrichards@hannonlawgroup.com

*Attorneys for Defendant Terence D. Sutton, Jr.*