UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 21-cr-598-PLF |
| v. | : | |
| TERENCE SUTTON and ANDREW ZABAVSKY | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO VINDICATE VICTIM RIGHTS MANDATED BY THE CRIME VICTIM'S RIGHTS ACT

NOW COMES the United States and moves the Court to allow the mother of the victim, Karon Hylton-Brown, to continue to attend trial in this matter. Under the Crime Victim's Rights Act ("CVRA"), the decedent's mother is clearly a "victim" of the charged offenses here – and has a specific Congressionally-mandated "right not to be excluded from any such public court proceeding." In sum, the defense attempts to exclude her are an invitation by the defense to violate the clear mandate Congress gave the Court to ensure attendance at the proceedings by all victims of crime, to protect them from harassment by the accused, and to ensure respect for their dignity.

## LEGAL BACKGROUND

The term "victim" is statutorily defined, and the decedent's mother in this murder trial is entitled to rights associated with this designation. A "crime victim" is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). *See In re de Henriquez*, No. 15-3054, 2015 WL 10692637, at *1 (D.C. Cir. Oct. 16, 2015) ("A deceased crime victim's rights may be asserted by a representative," citing 18 U.S.C. § 3771(d)); *United States v. Rubin*, 558 F. Supp. 2d 411, 418 (E.D.N.Y. 2008) (anyone the government identifies as harmed by the defendant's conduct is a victim).

1

The CVRA affords crime victims certain rights throughout the pendency of the case. Among other things, a crime victim is afforded the following rights:

(1) The right to be reasonably protected from the accused.

(2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.

(3) The right not to be excluded from any such public court proceeding unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

(5) The right to confer with the attorney for the Government in the case.

(6) The right to full and timely restitution as provided in law.

(7) The right to proceedings free from unreasonable delay.

(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

18 U.S.C. § 3771(a).

## ARGUMENT

Courts routinely permit victims to exercise these CVRA rights at trial – particularly the right to attend. *See, e.g.*, *United States v. Edwards*, 526 F.3d 747, 757-58 (11th Cir. 2008) (recognizing a victim's right to not be excluded during the trial, despite the defendant's request for sequestration); *In re Mikhel*, 453 F.3d, 1138-39 (9th Cir. 2006) (*per curiam*) (recognizing the victim's right to watch the trial in its entirety, prior to any adjudication of guilt). Indeed, in *Mikhel*, the Ninth Circuit granted mandamus and remanded to the District Court for reconsideration its "summary exclusion of the victim-witnesses." *Id*. at 1139. *See, e.g., United States v. Jim*, No. CR 10-2653 JB, 2012 WL 119599, at *4 (D.N.M. Jan. 8, 2012) (permitting testifying victim-witness

to attend trial over defense objection); *United States v. Okun*, No. CRIM. 3:08CR132, 2009 WL 790042, at *2 (E.D. Va. Mar. 24, 2009) (same).

Here, of course, excluding the victim's mother not only abrogates the right clearly set forth in § 3771(a)(3) – which evens grants an exception for victims who are also witnesses. Separating her and treating her differently than other victims, and preventing her from attending in person the trial of her son's murderer, would also abrogate her "right to be treated with fairness and with respect for [her] dignity." § 3771(a)(8). And by giving her son's murderer an effective veto over her attendance at the very trial of that crime through unsupported accusations (now repeatedly contradicted by uninvolved witnesses), it would turn on its head Congress's injunction that the Court protect her "right to be reasonably protected from the accused" by not just allowing this demeaning treatment of her.

By contrast, even were the victim's mother a potential witness in the case, "[a] criminal defendant has no constitutional right to exclude witnesses from the courtroom." *United States v. Edwards*, 526 F.3d 747, 758 (11th Cir. 2008); *see also Bell v. Duckworth*, 861 F.2d 169, 170 (7th Cir. 1988) ("A refusal to exclude . . . witnesses until they testify is not a denial of due process."). Nor has defendant identified any exception in the statute that permits his requested exclusion. In sum, his request is supported by no law – and contrary to the plain and specific law Congress passed.

**CONCLUSION**

WHEREFORE, the Court should not breach the plain requirements of the CVRA which require Courts not to exclude victims from public court proceedings.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   /s/ Risa Berkower
      AHMED BASET
      IL Bar No. 6304552
      RISA BERKOWER
      NY Bar No. 4536538
      Assistant United States Attorneys
      U.S. Attorney's Office for the District of Columbia
      601 D St., N.W.
      Washington, D.C. 20532
      Phone: (202) 252-7097 (Baset)
            (202) 252-6782 (Berkower)
      Email: Ahmed.Baset@usdoj.gov
            risa.berkower@usdoj.gov