UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) |
| v. | ) )  Criminal No. 21-0598 (PLF) |
| TERENCE SUTTON<br>  and<br>ANDREW ZABAVSKY, | ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION AND ORDER

On December 21, 2022, after a nine-week trial, a jury convicted Mr. Sutton and Mr. Zabavsky of conspiracy to obstruct justice in violation of 18 U.S.C. § 371 (Count Two), and obstruction of justice in violation of 18 U.S.C. § 1512(b)(3), 2 (Count Three). See Verdict Form [Dkt. No. 426].[1] The jury also convicted Mr. Sutton of the second degree murder of Karon Hylton-Brown in violation of D.C. Code § 22-2103 (Count One). See id. On September 12, 2024, this Court sentenced Mr. Sutton to 66 months in prison on Count One, to run concurrently with Counts Two and Three, and 48 months in prison on Counts Two and Three, to run concurrently with each other and concurrently with Count One. See Judgment as to Terrence Sutton [Dkt. No. 677] at 3. The Court sentenced Mr. Zabavsky to 48 months in prison on Counts Two and Three, to run concurrently. See Judgment as to Andrew Zabavsky [Dkt. No. 679] at 3. The Court also ordered Mr. Sutton to pay a special assessment of $300.00,

---

[1] The Court has reviewed the following documents in connection with the pending motion: Defendants' Joint Motion for Relief From Sentence ("Defs. Mot.") [Dkt. No. 708]; and Government's Response to Defendants' Joint Motion ("Govt. Resp.") [Dkt. No. 709].

see Judgment as to Terrence Sutton at 8, and ordered Mr. Zabavsky to pay a special assessment of $200.00.  See Judgment as to Andrew Zabavsky at 7.  In October 2024, defendants appealed their convictions.  See Notice of Appeal of Final Judgment by Terrence Sutton [Dkt. No. 681]; Notice of Appeal of Final Judgment by Andrew Zabavsky [Dkt. No. 684].

On January 22, 2025—while defendants' appeals were pending—President Trump issued "full and unconditional" pardons to Mr. Sutton and Mr. Zabavsky.  See White House, Executive Grant of Clemency for Terence Sutton (Jan. 22, 2025), https://perma.cc/3WZX-LWVR; White House, Executive Grant of Clemency for Andrew Zabavsky (Jan. 22, 2025), https://perma.cc/H3HD-USFW.  In light of these pardons, the D.C. Circuit vacated this Court's judgments against the defendants and remanded with instructions to dismiss the cases as moot.  See Order and Mandate of U.S. Court of Appeals as to Terence Sutton [Dkt. No. 703]; Order and Mandate of U.S. Court of Appeals as to Andrew Zabavsky [Dkt. No. 704].  This Court dismissed the cases against defendants as moot on February 25, 2025.  See Order as to Terence Sutton [Dkt. No. 705]; Order as to Andrew Zabavsky [Dkt. No. 706].

On June 26, 2025, defendants moved for the return of the special assessments this Court levied on them at sentencing:  Mr. Sutton requests a refund of $300.00, and Mr. Zabavsky requests a refund of $200.00.  See Defs. Mot.  The government concurs that the return of defendants' special assessments is appropriate.  See Govt. Resp.

The Court will grant in part and deny in part the defendants' motion.  First, the Court adopts in full Judge Randolph Moss's well-reasoned analysis in United States v. Santos ("Santos"), Criminal No. 21-0047 (D.D.C. June 27, 2025) [Dkt. No. 111].  There, Judge Moss denied the defendant's unopposed motion for reimbursement of his special assessment,

restitution, and fine, determining that the Supreme Court's decision in Knote v. United States ("Knote"), 95 U.S. 149 (1877), controlled the outcome of the case. See Santos, Criminal No. 21-0047, at 1-2. In Knote, the Supreme Court explained that "a pardon does not 'affect any rights which have vested in others directly by the execution of the judgment for the offence.'" Id. at 5 (quoting Knote, 95 U.S. at 154). So if proceeds collected pursuant to the execution of a judgment "have been paid into the treasury, the right to them has so far become vested in the United States that they can only be secured to the former owner of the property through an act of Congress." Id. (quoting Knote, 95 U.S. at 154). Therefore, "a pardoned individual is not 'entitle[d]' to payments that have already been deposited into the United States Treasury, absent congressional authorization to withdraw the funds." Id. at 7 (quoting Knote, 95 U.S. at 152); see also In re Oliver North, 62 F.3d 1434, 1437, 1438 (D.C. Cir. 1994).

    In the case before Judge Moss, the Court's Finance Office had already collected the defendant's special assessment, restitution, and fine, and deposited them into the Crime Victims Fund within the United States Treasury. See Santos, Criminal No. 21-0047, at 3. Judge Moss therefore held that the Court could not reimburse the defendant "absent congressional authorization to withdraw the funds." See id. at 7 (quoting Knote, 95 U.S. at 152). Similarly, in this case, the Court's Finance Office has deposited $200.00 of Mr. Sutton's special assessment and the entire amount of Mr. Zabavsky's special assessment into the Crime Victims Fund within the United States Treasury. See 34 U.S.C. § 20101. Because these funds "have already been deposited into the United States Treasury," Knote, 95 U.S. at 152, the Court joins Judge Moss and at least three other judges in this district in concluding that, absent congressional authorization to withdraw the funds, the Court cannot refund defendants' special assessments. See Santos, Criminal No. 21-0047, at 9; United States v. Hager, Criminal No. 21-0381

(TSC), 2025 WL 1886135, at *2 (D.D.C. July 3, 2025); United States v. Ballenger, Criminal No. 21-0719, at 2 (D.D.C. Jun. 30, 2025) [Dkt. No. 176]; United States v. Sullivan, Criminal No. 21-0078 (RCL), 2025 WL 1444392, at *1 (D.D.C. May 20, 2025).

        The Court has been advised, however, that the Finance Office did not deposit Mr. Sutton's entire special assessment into the Crime Victims Fund: the Finance Office deposited $100.00 of Mr. Sutton's special assessment into the Court's Deposit Fund pending transfer to the Superior Court of the District of Columbia.[2] As of today, the Finance Office has not yet transferred the funds to the Superior Court, so they remain in the Court's Deposit Fund. And unlike the Crime Victims Fund—which is within the United States Treasury—the Court's Deposit Fund is an internal account within the judiciary, and monies held within the Deposit Fund have not yet vested in any third party. Therefore, the portion of Mr. Sutton's special assessment that currently is in the Court's Deposit Fund can be returned to him. See Knote, 95 U.S. at 154 (explaining that if a pardoned individual's proceeds "are in the custody of the judicial tribunals"—i.e., have not yet been deposited into the United States Treasury—then the proceeds may be "delivered to the original owner, upon his full pardon.").

        For these reasons, it is hereby

---

[2] The Finance Office set aside $100.00 of Mr. Sutton's special assessment because typically, when a defendant is charged under the District of Columbia Code, a portion of the special assessment is due to the Superior Court of the District of Columbia. See D.C. Code § 4-515(a).

ORDERED that defendants' Joint Motion for Relief From Sentence [Dkt. No. 708] is GRANTED IN PART and DENIED IN PART; and it is

FURTHER ORDERED that the Clerk of the Court shall issue a refund of $100.00 to defendant Terence Sutton from the Court's Deposit Fund.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 7/15/25